# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Loretta Raglin,

        Plaintiff,

v.

PDQ Services, Inc.,

        Defendant.

Case No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with its efforts to collect a debt. Defendant's conduct involves the making of false and misleading statements to the Plaintiff and others in connection with the collection of a debt. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, and the Fair Credit Reporting act, 15 U.S.C. § 1681 *et seq*.

## Parties

1. Plaintiff, Loretta Raglin, is natural person who resides in Fulton County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is

defined by 15 U.S.C. § 1681a(c).

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, PDQ Services, Inc. (hereinafter "PDQ") does business in Georgia.

5. PDQ uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

6. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* and the Fair Credit Reporting act, 15 U.S.C. § 1681 *et seq*, jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## Factual Allegations

8. On or about July 23, 2015, Plaintiff obtained a copy of her credit report as published by Experian Information Solutions, Inc. (hereinafter "Experian"). Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. That report contained erroneous information as provided by PDQ. Specifically, PDQ reported that Plaintiff owed $2,646 on a debt being collected by PDQ.

10. As the amount PDQ reported that Plaintiff owed was substantially inflated by improper charges and fees, and far more than what Plaintiff actually owed, the information described above was both false and misleading.

11. On or about August 7, 2015, Plaintiff obtained a copy of her credit report as published by Trans Union LLC (hereinafter "TransUnion"). TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

12. That report contained erroneous information as provided by PDQ. Specifically, PDQ reported that Plaintiff owed $2,646 on a debt being collected by PDQ.

13. As the amount PDQ reported that Plaintiff owed was substantially inflated by improper charges and fees, and far more than what Plaintiff actually owed, the information described above was both false and misleading.

14. In letters dated September 25, 2015, Plaintiff disputed the inaccurate and misleading information directly to Experian and PDQ, and advised both of the specific facts that rendered the reporting inaccurate and misleading.

15. In letters dated September 21, 2015, Plaintiff disputed the inaccurate and misleading information directly to TransUnion and PDQ, and advised both of the specific facts that rendered the reporting inaccurate and misleading.

16. Upon information and belief, Experian and TransUnion both timely notified PDQ of Plaintiff's disputes as required by 11 U.S.C. § 1681i.

17. In a document dated October 27, 2015, Experian advised Plaintiff that it had researched Plaintiff's disputes and had made revisions to Plaintiff's credit file. Experian provided a copy of the tradeline as reported by PDQ, and it appeared to Plaintiff that PDQ had made corrections to the balance PDQ alleged Plaintiff owed.  A true and correct copy of the relevant pages of this document is attached as "EXHIBIT A."

18. In a document dated October 15, 2015, TransUnion advised Plaintiff that it had researched Plaintiff's disputes and had made revisions to Plaintiff's

credit file. TransUnion provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. A true and correct copy of the relevant pages of this document is attached as "EXHIBIT B."

19. PDQ is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they furnish information for inclusion in consumer reports.

20. Experian and TransUnion were required to communicate the specifics of Plaintiff's disputes to PDQ. Likewise, PDQ had a duty to investigate the dispute and accurately report their findings to Experian and TransUnion.

21. PDQ breached their duties as described above.

22. Due to PDQ's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the false and misleading information on Plaintiff's TransUnion credit report stating that the Plaintiff owed an amount that was substantially more than what Plaintiff actually owed was not appropriately deleted or modified.

23. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

24. Also as a result of PDQ's actions and omissions, Plaintiff has suffered actual damages, including without limitation, suppression of her credit score, credit denials, out-of-pocket expenses in challenging PDQ's wrongful representations, detriment to her credit rating, and emotional distress.

25. PDQ's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

26. PDQ provided the false and misleading information to Experian and TransUnion in furtherance of its efforts to collect the debt.

## Trial By Jury

27. Plaintiff is entitled to and hereby requests a trial by jury.

## Causes Of Action

### COUNT ONE

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)**

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29. PDQ's provision of false and misleading information to Experian and TransUnion in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

30. As a result of PDQ's violations of the FDCPA, Plaintiff has suffered actual damages, including without limitation, suppression of her credit score, credit denials, out-of-pocket expenses in challenging PDQ's wrongful representations, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

31. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from PDQ $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT TWO

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 1.15 U.S.C. § 1681s-2(b)

32. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. PDQ willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

34. As a result of PDQ's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of her credit score, credit denials, out-of-pocket expenses in challenging PDQ's wrongful representations, detriment to her

credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

35. PDQ's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from PDQ pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against this Defendant for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of December, 2015.

                                            */s/ Paul J. Sieg*
                                            Paul J. Sieg, Bar No.: 334182
                                            */s/ Matthew T. Berry*
                                            Matthew T. Berry, Bar No.: 055663

                                            Attorneys for Plaintiff

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com